UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24733-BLOOM/Torres

MARK T. STINSON,

    Plaintiff,

v.

MEMPHIS LIGHT GAS & WATER,
JEREMY THACKER, individually and
*d/b/a* PRIDESTAFF,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon Defendants PrideStaff, Inc.'s ("PrideStaff") and Jeremy Thacker's ("Thacker") Motion to Dismiss Plaintiff's Complaint, ECF No. [16] and upon Defendant Memphis Light, Gas & Water's ("MLGW") Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law, ECF No. [21], (together, "Defendants"). Mark T. Stinson ("Stinson") filed a Response in Opposition to the Motion to Dismiss filed by PrideStaff and Thacker, ECF No. [17], but did not file a response to the Motion to Dismiss by MLGW. On February 26, 2024, Stinson filed a Motion indicating that he was detained on February 13, 2024 and asked the Court to mail a docket report to him at the Federal Detention Center in Miami, Florida, ECF No. [28]. The Court also granted a brief extension of time to reply to the Motion to Dismiss by MLGW, ECF No. [29]. Stinson filed an additional Motion to Correct his address again, ECF No. [32], on March 28, 2024.

    The Court has reviewed the Motions, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss filed by PrideStaff and Thacker is granted, and the Motion to Dismiss filed by MLG is granted.

Case No. 23-cv-24733-BLOOM/Torres

I. **BACKGROUND**

Stinson alleges that in June 2011, PrideStaff sent a proposal MLGW, a Tennessee utility company, seeking to supply MLGW with staffing support for their clerical and general laborer needs. ECF No. [1] ¶¶ 3-4. Stinson alleges MLGW conditioned the award of any potential service contracts with the requirement that PrideStaff use the services of a Certified Agency Certified Minority Business. *Id*. ¶ 6. This led Thacker to meet with Stinson, who held this type of certificate. *Id*. ¶¶ 7, 8. The two entered a verbal agreement whereby Stinson would help provide staff to PrideStaff, and Stinson would receive 25% of the value of any contract he helped procure as consideration. *Id*. ¶ 7. Stinson alleges after he offered his services, his phone calls were not returned, and PrideStaff chose a different vendor. *Id*. ¶¶ 9-11. Stinson claims PrideStaff converted his Certified Agency Certified Minority Business certificate to obtain the contract it desired with MLGW without him. *Id*. ¶ 23.

The Complaint sets forth a claim of fraudulent misrepresentation against PrideStaff and claims of vicarious liability and fraudulent inducement against MLGW. Stinson seeks $1,500,000.00 in damages against PrideStaff and Thacker, $1,500,000.00 against MLGW, punitive damages for "the intentional and willful breach of contract," and specific performance of the alleged contracts. *Id*. ¶¶ 27, 28.

In their Motions to Dismiss, Defendants contend that the Complaint is deficient because, among several issues, this Court does not have jurisdiction over them, the claims are time barred, for failure to state a claim, and that there is a "nearly identical complaint" in the Circuit Court for Shelby County, Tennessee. No. W2022-01791-COA-R3-CV. ECF No. [21] at 15, [21-1]; *see generally* ECF Nos. [16], [21].

Stinson responds and urges this Court to keep his case "because of the numerous constitutional violations of the Circuit Court, Appeals Court and Supreme Court of Tennessee." ECF No. [17] at 3. Stinson also asks this Court to hold his Complaint to a less stringent standard as he is filing *pro se*. *Id*. at 6. Stinson does not address the argument that jurisdiction over PrideStaff, Thacker, or MLGW is improper, either in his Complaint or Response.

Defendants PrideStaff and Thacker reply, arguing that Stinson was unresponsive to their Motion. Defendants maintain that lack of subject matter and personal jurisdiction are fatal to the ability to hear these claims in this Court. ECF No. [18] at 2. Moreover, issues pertaining to *res judicata*, venue, and the untimeliness of Plaintiff's claims are arguments left unopposed by Stinson. *Id*. at 3.

## II. LEGAL STANDARD

### A. Jurisdiction

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. 506, 514. Moreover, "judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the Constitution and the laws confer." *Id*.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013). "When a plaintiff fails to include sufficient allegations in his complaint to establish a prima facie case of personal jurisdiction, a defendant may assert a facial challenge to the complaint." *Ramirez v. Grp. Servs.*,

No. 6:16-cv-1831-Orl-37KRS, 2017 WL 2672555, at *2, (M.D. Fla. June 20, 2017) (citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002)). A defendant also may assert a factual challenge "by submitting affidavit evidence in support of its position." *Louis Vuitton Malletier*, 736 F.3d at 1350. When a defendant presents such evidence, "the burden . . . shifts back to the plaintiff to produce evidence supporting jurisdiction [unless] the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id*. Where the evidence conflicts, all reasonable inferences must be construed in favor of Plaintiff. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (quotation omitted).

This Court must "undertake a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution*." United Techs.*, 556 F.3d at 1274 (cleaned up). Under Florida's long-arm statute, Florida courts can exercise specific personal jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida if those contacts fall within one of nine statutorily enumerated categories. Fla. Stat. § 48.193(1)(a).

**B.  *Pro Se* Filings**

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### C. Futility

District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id*. at 1270 (citing *Foman*, 371 U.S. at 182). When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile. *Cf. Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

## III. DISCUSSION

### A. Jurisdiction

In his Complaint, Stinson alleges "Plaintiff is a Florida corporation,"[1] MLGW is a Tennessee entity, and Thacker is a resident of Tennessee. ECF No. [1] at 1. Stinson does not allege where PrideStaff is based, but indicates Thacker is an owner/partner of PrideStaff. *Id*. Stinson fails to allege where any of the events in his Complaint occurred. Stinson alleges he met with Thacker

---

[1] The Court notes that if Stinson intended to file *pro se* on behalf of his corporation, that would be an independent basis for dismissal. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

in June 2011 to procure a contract to provide staffing services through PrideStaff to MLGW; MLGW is a Tennessee governmental and municipal utility company servicing Shelby County, Tennessee. *Id*. at 1-2; *see also* ECF No. [21] at 2.

Collectively, Defendants assert that personal jurisdiction is lacking, warranting dismissal. ECF No. [16] at [7-10]; ECF No. [21] at 5-19. *See* Fed. R. Civ. P. 12(b)(6). Defendants set forth additional challenges to the Complaint seeking dismissal.

The Motion to Dismiss filed by Thacker and PrideStaff clarifies that PrideStaff is incorporated in California and maintains its principal place of business there. ECF No. [16] at 9. Moreover, PrideStaff and Thacker argue that Stinson moved to Florida in 2023, well after the alleged June 2011 discussions between Stinson and Thacker, which form the basis of his Complaint. *Id*. at 10.[2] Thacker and PrideStaff contend no act or omission of any act occurred in Florida; thus, there is no substantial connection to Florida warranting jurisdiction.

The Motion to Dismiss filed by MLGW argues Stinson has failed to set forth allegations that it conducts business in Florida. ECF No. [21] at 9. Further, MLGW reasons because it is a governmental entity that provides utility services throughout Shelby County, Tennessee, MLGW's business is simply not conducted in nor reaches Florida. *Id*. at 8-9. Finally, MLGW reasons Stinson failed to meet his initial burden to sufficiently allege MLGW is subject to personal jurisdiction by this Court, which is a basis to grant its Motion to Dismiss. *Id*. at 9. Defendants bolster their challenge to jurisdiction by providing signed declarations consistent with *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013).

---

[2] Defendants attach an earlier Complaint for Violation of Civil Violations under 42 U.S.C. § 1983 for the same underlying claims, filed in the United States District Court for the Western District of Tennessee, Western Division. *Id*. at 20, Exhibit 1. Stinson provided an address in Cordova, Tennessee. *Id*. at 22.

Defendant Thacker sets forth a sufficient facial attack, noting Stinson's Complaint alleges that Thacker is a resident of Tennessee, and points out there are no allegations in the Complaint that any act occurred in or reached Florida. ECF No. [16] at 9. Defendant PrideStaff filed a signed declaration by its Vice President of Risk Management, Sarah Hayden, stating:

> PrideStaff controls its operations in California. Its main office and management functions are concentrated in California, and PrideStaff directs and controls its day-to-day operations and activities in the United States from California.
> ECF No. [16-4] at 2.

Defendant MLGW also provided a signed declaration from its Chief Operating Officer, Alonzo Weaver, stating:

> MLGW is a governmental entity and municipal utility providing utility services to customers located in Shelby County, Tennessee; MLGW's principal place of business is located at 220 S. Main Street, Memphis, Shelby County, Tennessee 38103; MLGW does not conduct business in Florida and does not maintain an office or agents in Florida; MLGW does not have any employees or other staff in Florida and does not maintain any telephone listings or addresses in Florida.
> ECF No. [21-2] at 3.

Stinson responds by asking this Court to allow his case to proceed here "because of the numerous constitutional violations of the Circuit Court, Appeals Court and Supreme Court of Tennessee." ECF No. [17] at 3. Stinson alleges the courts in Tennessee denied several of his motions and alternatively dismissed his case although they knew he was *pro se*, arguing the Tennessee courts have "no respect for the Judicial system." *Id*. Nevertheless, Stinson's Response fails to set forth evidence or any factual allegations that jurisdiction as to these Defendants is warranted. Stinson's response is effectively a concession that there is no personal jurisdiction over these Defendants.

Stinson failed to meet his threshold burden "of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). As the contracts he sought were to service a Tennessee utility company, and no

party at the relevant time was based in Florida —including, it seems, Stinson — there is little to plausibly indicate any activities occurred in Florida warranting jurisdiction. The Defendants provided sworn declarations indicating they are based in California and Tennessee, with no contacts in Florida. As such, Defendants have set forth sufficient factual challenges indicating they are not subject to jurisdiction by this Court. *See Louis Vuitton Malletier*, 736 F.3d at 1350. When the burden shifted back to Stinson to produce evidence supporting jurisdiction, he failed. *Id*.

The Court finds Stinson's Response is plainly insufficient, and he did not produce any evidence, or even allege, that jurisdiction is proper in this Court. Under Florida's long-arm statute, a Florida court may only exercise specific personal jurisdiction over a defendant for acts that arise out of or relate to a defendant's conduct in Florida. Fla. Stat. § 48.193(1)(a).  While a *pro se* filer is held to a less stringent pleading standard than a trained attorney, a *pro se* party must still abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Accordingly, Stinson's Complaint is due to be dismissed.

### B. Futility of Amendment

When an amended complaint would still be "properly dismissed" a district court can determine that leave to amend the complaint is futile. *Cf. Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Stinson cannot change his fundamental problem with jurisdiction. Defendants are clearly not subject to jurisdiction by this Court as addressed above. Consequently, Stinson's Complaint is due to be dismissed without prejudice as the merits are not reached here, but as his claim has no place in this District, his Complaint is dismissed without leave to amend.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants PrideStaff and Thacker's Motion to Dismiss, **ECF No. [16],** is **GRANTED**.

2. Defendant Memphis Light, Gas & Water's Motion to Dismiss, **ECF No. [21],** is **GRANTED**.

3. The Clerk of Court is directed to update Stinson's Address to: Mark T. Stinson, #153816, 1045 Mulins Station Rd., Memphis, TN 38134.

4. Stinson's Complaint, **ECF No. [1]** is **DISMISSED WITHOUT LEAVE TO AMEND.**

5. The Clerk of the Court is directed to **CLOSE** this case.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 15, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

Mark T. Stinson
#153816
Shelby County Correctional Center
1045 Mulins Station Rd.
Memphis, TN 38134
*Pro Se*